IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMAIA NAVIKO,

    Petitioner,               No. 2:10-cv-2330-FCD-JFM (HC)

    vs.

J. D. HARTLEY,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a former state prisoner currently in the custody of the U.S. Immigration and Customs Enforcement proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2003 conviction on two counts of lewd acts on a child and three counts of sexual battery. This matter is before the court on respondent's motion to dismiss this action on the grounds that it is barred by the statute of limitations.

        Section 2244(d)(1) of title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On August 18, 2003, petitioner was sentenced to ten years in prison following his July 21, 2003 conviction.

2. On September 15, 2003, petitioner filed a notice of appeal. On July 27, 2004, the California Court of Appeal for the Third Appellate District reduced one of the sexual battery charges to a misdemeanor and remanded the matter for resentencing.

3. On November 9, 2004, petitioner was resentenced to nine years in prison. An amended abstract of judgment was filed on the same day.

4. Petitioner appealed from the new sentence. On August 4, 2005, the California Court of Appeal for the Third Appellate District affirmed the amended judgment.

4. On October 12, 2005, the California Supreme Court denied petitioner's petition for review.

/////

/////

5. On November 29, 2005[1], petitioner filed a petition for writ of habeas corpus to the Sacramento County Superior Court. That petition was denied by order filed January 17, 2006.

6. On May 14, 2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. That petition was denied by order filed May 18, 2006.

7. On February 4, 2010, petitioner filed another petition for writ of habeas corpus in the Sacramento County Superior Court. That petition was denied as untimely by order filed March 10, 2010.

8. On April 13, 2010, petitioner filed another petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. That petition was denied by order filed May 20, 2010.

9. On June 1, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. That petition was denied by order filed August 11, 2010, with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998).

10. The instant action was filed on August 26, 2010.

The one year statute of limitations began to run on January 11, 2006, the day after the ninety day period for seeking certiorari review by the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The court assumes arguendo that the limitation period was tolled from the time it commenced to run, due to the pendency of petitioner's first state habeas petition, until May 18, 2006, when petitioner's second state habeas corpus petition was denied.[2]

---

[1] The court deems the date on which each state habeas petition was signed by petitioner the filing date of said petition. See Houston v. Lack, 487 U.S. 266 (1988).

[2] Respondent contends that petitioner is not entitled to tolling of the limitation period during the four month interval between the first two petitions because four months was an unreasonable period of delay between state court filings. The court need not reach that

3

1  Thereafter, petitioner filed no further collateral challenges to his conviction for over three years
2  and eight months. He is not entitled to statutory tolling for that period. See Evans v. Chavis, 546
3  U.S. 189, 198 (2006); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (petitioner not
4  entitled to statutory tolling during unexplained delays of 115 and 101 days between state court
5  petitions). The limitation period therefore expired, at the latest, on or about May 18, 2007. This
6  action was not filed for more than three years after the limitation period expired.[3]

In opposition to the motion to dismiss, petitioner asserts that he "is a foreign national from the island of Fiji with limited knowledge of not only the American judicial system but also the language." Motion in Opposition to Respondent Motion to Dismiss, filed February 25, 2011, at 4.

"'[A] litigant seeking equitable tolling [of the one-year AEDPA limitations period] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). '[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule.' Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002) (internal quotation marks and citation omitted)." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006). The United States Court of Appeals for the Ninth Circuit has joined other circuits in holding that "equitable tolling [of the one year habeas corpus limitation period] may be justified if language barriers actually prevent timely filing." Id. at 1069. Petitioner has not, however, presented any evidence either that his asserted language limitations were a barrier to proceeding with a collateral attack on his conviction, or that they actually prevented timely filing of such a challenge.

/////

---

contention in order to resolve the instant motion.

  [3] The petitions filed in the state court of appeal and the state supreme court did not revive the expired limitation period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

4

1          Nor does petitioner's contention that he is actually innocent support equitable
2  tolling of the limitation period.  Even if the actual innocence gateway of Schlup v. Delo, 513
3  U.S. 298 (1995) might provide a basis for equitable tolling of the limitation period, a question
4  unresolved by the United States Supreme Court or the United States Court of Appeals for the
5  Ninth Circuit, petitioner has failed to show that "it is more likely than not that no reasonable
6  juror would have found [him] guilty beyond a reasonable doubt." Id. at 327.

7          For all of the foregoing reasons, this action is barred by the statute of limitations
8  and should be dismissed.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the
9  United States District Courts, "[t]he district court must issue or a deny a certificate of
10 appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. §
11 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has
12 made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The
13 court must either issue a certificate of appealability indicating which issues satisfy the required
14 showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

15         Where, as here, the petition should be dismissed on procedural grounds, a
16 certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason
17 would find it debatable whether the district court was correct in its procedural ruling'; and (2)
18 'that jurists of reason would find it debatable whether the petition states a valid claim of the
19 denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000)
20 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

21         After careful review of the entire record herein, this court finds that petitioner has
22 not satisfied the first requirement for issuance of a certificate of appealability in this case.
23 Specifically, there is no showing that jurists of reason would find it debatable whether this action
24 is barred by the statute of limitations.  Accordingly, the district court should not issue a certificate
25 of appealability.

26         In accordance with the above, IT IS HEREBY RECOMMENDED that

1.  Respondent's January 5, 2011 motion to dismiss be granted;

2.  This action be dismissed as barred by the statute of limitations; and

3.  The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 15, 2011.

UNITED STATES MAGISTRATE JUDGE

12
navi2330.mtd